NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROHAN GRANVILLE, | Civil Action No.: 17-1964 (JMV) |
| Petitioner, | |
| v. | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*, | |
| Respondents. | |

APPEARANCES:

Rohan Granville
Northern State Prison
P.O. Box # 2300
Newark, NJ 07114
    Petitioner, *pro se*

Stephanie Paige Davis-Elson
Hudson County Prosecutor's Office
595 Newark Avenue
Jersey City, NJ 07306
    On behalf of Respondents.

**Vazquez, United States District Judge**

    This matter comes before the Court upon Respondents' motion to dismiss petition for writ of habeas corpus as untimely. (ECF No. 7.) Petitioner Rohan Granville ("Granville") filed his habeas petition under 28 U.S.C. § 2254 on March 24, 2017. (Pet., ECF No. 1.) On June 27, 2017, Respondents filed the instant motion to dismiss. Granville filed a "cross-motion" in opposition on

July 14, 2017. (ECF No. 8.) For the reasons discussed below, the Court grants Respondents' motion to dismiss.

I. PROCEDURAL HISTORY

On May 1, 1995, a jury in New Jersey Superior Court, Hudson County, found Granville guilty on charges of armed robbery, aggravated arson, possession of a weapon for an unlawful purpose, and receiving stolen property. (ECF No. 7-3.) On June 8, 1995, the court entered a judgment of conviction ("JOC"), and Granville was sentenced to a total aggregate term of 70 years of imprisonment with a thirty-five year period of parole ineligibility. (*Id.*)

Granville did not file a direct appeal of his conviction and sentence. On June 17, 2011, Granville filed a petition for post-conviction relief ("PCR") asserting ineffective assistance of counsel. On August 29, 2012, the PCR judge instructed Granville's counsel that if he failed to submit complete trial transcripts to the court by September 14, 2012, the petition would be dismissed without prejudice. (ECF No. 7-5.) After Granville failed to submit the requested transcripts, the court dismissed the petition without prejudice on September 17, 2012. (ECF No. 7-6.)

Granville subsequently re-filed his PCR petition on July 9, 2013. (ECF No. 7-7.) The PCR court denied the petition as untimely on April 7, 2014. (ECF No. 7-8, ECF No. 7-12.) Granville appealed (ECF No. 7-9) and the Superior Court of New Jersey, Appellate Division, affirmed the PCR court's denial of the petition as time-barred on November 16, 2016. (ECF No. 7-10.) On February 1, 2017, the New Jersey Supreme Court denied Granville's petition for certification. (ECF No. 7-11.) Granville filed his habeas petition on March 24, 2017, asserting ineffective assistance of counsel and challenging his sentence. (ECF No. 1.)

II.     DISCUSSION

   A.      The Parties' Arguments

Respondents argue that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1). (ECF No. 7-1.) Because Granville did not file an appeal, his conviction became final on July 23, 1995, which was forty-five days after the JOC was entered on June 8, 1995. (*Id.* at 4.) Respondents assert that the statute of limitations began to run on July 23, 1995, and that Granville had until July 23, 1996, to file his habeas petition. (*Id.* at 4-5.) However, Granville did not file his state PCR petition until nearly sixteen years after the limitations period began to run and did not file his habeas petition until March 2017, more than twenty years past the deadline. (*Id.* at 5.)

In response, Granville looks to the ineffective assistance of counsel and excusable neglect arguments that he raised in his PCR proceedings. (ECF No. 8-1.) Granville asserts that his counsel was under indictment in Essex County at the same time that he was representing Granville at trial in Hudson County and that counsel therefore had a conflict of interest in representing him. (*Id.* at 6.) Granville states that he was unaware of the conflict of interest at the time of his trial. (*Id.*) Granville further argues that his counsel was engaged in acts that ultimately led to his disbarment at the same time that he should have been filing a direct appeal as Granville had requested. (*Id.* at 9.) The New Jersey Supreme Court Disciplinary Board's opinion concerning counsel's disbarment was published in 2002. (*Id.*) Subsequently, in 2008, the New Jersey Supreme Court granted PCR relief to another defendant that Granville's attorney represented. (*Id.*) (citing *State v. Cottle*, 946 A.2d 550 (N.J. 2008)).[1] Granville argues that the publication of these two decisions should be

---

[1] In *Cottle*, the New Jersey Supreme Court held that a *per se* conflict of interested existed where the attorney and his client were under indictment in the same county at the same time. 946 A.2d at 552.

deemed as the date on which he "could reasonably have been aware of the claims he now asserts" because he did not know of the conflict of interest before then. (*Id.*).

B. Legal Standard

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)). Time limitations on the filing of post-conviction petitions are conditions to filing that must be met in order for a petition to be "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "When

4

a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414. If the state court has rejected a petition as untimely, "it was not 'properly filed' and [a habeas petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Id.* at 417.

C. <u>Analysis</u>

1. <u>Granville's habeas petition is untimely under § 2244(d)</u>

Respondents assert that the limitations period began to run on July 23, 1995, because Granville did not file an appeal within the forty-five days allotted under New Jersey law. *See* N.J. CT. R. 2:4-1(a); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). However, though Granville's conviction did become final on July 23, 1995, that date is prior to the date on which the Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective, which was April 24, 1996. The statute of limitations therefore began to run on April 24, 1996, giving Granville until April 23, 1997, to file his habeas petition absent any tolling of the one-year post-enactment grace period. *Douglas*, 359 F.3d at 261 ("[A] one-year grace period [applies] for petitioners whose convictions became 'final' before the AEDPA became effective") (citation omitted)).[2]

Granville filed his habeas petition on March 24, 2017, nineteen years, eleven months, and one day after the expiration of the limitations period. Moreover, Granville's filing of his PCR petition did nothing to toll the statute of limitations because the limitations period had already expired fourteen years before that petition was filed on June 17, 2011. The filing of a petition for

---

[2] The court in *Douglas* recognized that Third Circuit precedent set the end of the grace period as April 23, 1997, though it perhaps should have been April 24, 1997. 359 F.3d at 261, n.5. As was the case in *Douglas*, however, this one-day discrepancy is not material here.

5

post-conviction relief does not reset the date on which the limitations time period begins to run. *Johnson v. Hendricks*, 314 F.3d 159, 161–62 (3d Cir. 2002) (citation omitted). Moreover, because the Appellate Division determined that Granville's PCR petition was untimely, it was not "properly filed" and would not have tolled the limitations period even if it were running at the time that Granville filed the petition. *Pace*, 544 U.S. at 417. Granville is therefore not entitled to statutory tolling under § 2244(d)(2).

Granville argues, however, that he was not "reasonably aware" of his claims until after his attorney's disbarment proceedings in 2002 and the New Jersey Supreme Court's decision in *Cottle* in 2008. The start date for the limitations period under § 2244(d)(1) includes "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005); 28 U.S.C. § 2244(d)(1)(D). Assuming *arguendo* that the publication of these decisions "should be taken as the genesis" of when Granville "could reasonably have been aware" of his claims (ECF No. 8-1 at 9), this argument is unavailing.

As Granville points out, the decision concerning his counsel's disbarment was published in 2002. That decision discusses counsel's 1995 indictment. (*See* ECF No. 8-2 at 42.) If, as Granville concedes, he could reasonably have been aware of the indictment that is the factual predicate of his ineffective assistance claim in 2002, the statute of limitations would have expired in 2003. Moreover, even if the New Jersey Supreme Court's decision in *Cottle* were viewed as a factual predicate for Granville's claims, which it is not, that decision was published in 2008 and the limitations period therefore would have expired in 2009.[3] Granville did not file his untimely

---

[3] The Court also notes that the defendant in *Cottle* filed his petition for PCR relief in December 2001, prior to the 2002 disbarment opinion, and raised counsel's indictment and ethics violations in his petition. *Cottle*, 946 A.2d at 554.

6

PCR petition until 2011, two years after *Cottle*, and did not file his habeas petition until 2017, more than eight years after that decision. Thus, even if either of these dates were accepted as the starting point for the statute of limitations governing these claims, Granville's petition remains untimely.

The Court further notes that Granville's § 2244(d)(1)(D) argument is inapplicable to his sentencing claim, in which Granville argues that the trial court improperly applied state-law aggravating sentencing factors.[4] Granville was sentenced on June 1, 1995, and has been aware of factual predicates of this issue since that time. Similarly, with respect to Granville's claim that counsel was ineffective for failing to file an appeal, Granville fails to explain when he learned that counsel had not filed the appeal or why he did not attempt to raise the issue in the state courts for over a decade. In any event, Granville has not made any argument or showing that he exercised due diligence regarding his claims over the twenty-two year period between his conviction and the filing of his habeas petition. *See Wilson*, 426 F.3d at 660 ("to satisfy § 2244(d)(1)(D)'s 'due diligence' standard, a prisoner must exercise reasonable diligence in the circumstances.") (citation omitted). Accordingly, Granville's petition is untimely under § 2244(d).

2.   <u>Granville is not entitled to equitable tolling</u>

"[The] one-year [habeas] limitation period is subject to equitable tolling in appropriate cases." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing. *Id.* (quoting *Pace*, 544 U.S. at 418 (emphasis deleted in

---

[4] The statute of limitations under § 2244(d)(1) is applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

original)). Granville makes no argument in support of equitable tolling and the Court finds that he is not so entitled. As discussed above, Granville has not shown that he has been diligent in pursuing his rights, nor has he alleged any extraordinary circumstance that prevented him from timely filing his petition. Therefore, equitable tolling is inappropriate here.

III.   CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss is granted.

III.   CERTIFICATE OF APPEALABILITY

This Court must determine whether Granville is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Granville has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certification of appealability.

An appropriate order follows.

Dated: January 29, 2018
At Newark, New Jersey

                                         s/ John Michael Vazquez
                                         JOHN MICHAEL VAZQUEZ
                                         United States District Judge